**THE MAJORIE FIRM, LTD**.
Francis B. Majorie, P.C.
Texas Bar No. 12851420
*Pro Hac Vice* (Per Bk Dkt. 55)
3514 Cedar Springs Road
Dallas, TX 75219
Telephone: 214-522-7400
Fax: 214-522-7911
Email: fbmajorie@themajoriefirm.com

Attorneys for Petitioning Creditors

E-filed: September 10, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | ) Bankruptcy No.: 13-13491-LBR |
| BUNDY CANYON LAND DEVELOPMENT, LLC, | ) Chapter 11 Involuntary |
| Debtor. | ) **MOTION TO WITHDRAW THE AUTOMATIC REFERENCE** |

## **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**

Margaret Cangelosi, Todd Hansen, and Daniel Newman (jointly and severally, the "Petitioning Creditors") move for a withdrawal of the automatic reference of this case so that it can be presided over by the Honorable Robert C. Jones of the U.S. District Court for the District of Nevada as a related case to the other jointly administered "Asset Resolution" bankruptcy cases, as follows:

### I.

### BACKGROUND

1. On April 24, 2013, the Petitioning Creditors filed an involuntary bankruptcy petition under chapter 11 of the Bankruptcy Code against Bundy Canyon Land Development, LLC ("Bundy Canyon") in the U.S. Bankruptcy Court, District of Nevada.

2. On January 6, 2005, Bundy Canyon was formed under California law to develop certain real estate located in Riverside County, California (the "Property").

- 1 -

3. To fund the development project, Bundy Canyon made and delivered four promissory notes secured by deeds of trust on the Property in favor of various lenders (the "Direct Lenders"). USA Commercial Mortgage Company and its affiliates ("USACM") originated all four loans. The loans are generally referred to by their principal amounts (*e.g.,* "Bundy 2.5" is a loan in the principal amount of $2.5 million; "Bundy 5.0" a loan for $5 million; "Bundy 5.725" a loan for $5.725 million; and "Bundy 7.5" a loan for $7.5 million). Each Bundy loan was secured by different, but contiguous, parcels of the Property.

4. Bundy Canyon defaulted on all four loans.

5. The parcels securing the Bundy 2.5 and Bundy 5.0 loans were foreclosed upon several years ago, and the land is held by two limited liability companies created for the foreclosures. Those two special purpose entities are themselves debtors in chapter 7 bankruptcy proceedings pending before Judge Jones as part of over one dozen jointly administered cases pending in the main case styled *In re Asset Resolution, LLC*, Case No. bk-s-09-32824-RCJ (Lead Case) (the "Asset Resolution Bankruptcy Cases"). The Bundy 5.725 and Bundy 7.5 loans are outstanding, and have not been foreclosed upon.

6. Petitioning Creditors are undersecured Direct Lenders in Bundy 5.725 or Bundy 7.5. Bundy Canyon purportedly "dissolved" after filing a "Certificate of Dissolution" and "Certificate of Cancellation" on June 6, 2010, but record title to the collateral securing the outstanding loans is still in its name. Taxes are past due on the parcels securing Bundy 5.725 and Bundy 7.5.

7. On August 20, 2013, the Bankruptcy Court granted the Involuntary Petition and entered an order for relief. *See* Docket No. 56.

8. A motion for the appointment of a Chapter 11 trustee has also been filed in the Bankruptcy Court. *See* Docket No. 62.

## II.

## **THE AUTOMATIC REFERENCE SHOULD BE WITHDRAWN**

9. The Petitioning Creditors move for an order withdrawing the reference of this case so that it may be jointly administered with the other Asset Resolution Bankruptcy Cases.

10. The District Court "may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." 28 U.S.C. § 157(d); *see also* FED. R. BANKR. P. 5011. In determining whether cause exists, a court should consider, among other related factors, "the efficient use of judicial resources [and] uniformity of bankruptcy administration." *In re Zante, Inc.*, No. 3: 10-cv-00231-RCJ-RAM (D. Nev. Dec. 29, 2010) (citing *Security Farms v. International Broth.*, 124 F.3d 999, 1008 (9th Cir. 1997)); *see also Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 755 (W.D. Ky. 1995) (common or overlapping issues between a bankruptcy proceeding and a case already pending in the district court constitute cause for withdrawal of the reference so the issues can be consolidated in the district court proceeding). These factors strongly favor a withdrawal of the reference.

11. On October 14, 2009, Asset Resolution, LLC ("Asset Resolution") and 14 related special purposes entities, including "Bundy Canyon 2.5 Million SPE, LLC" and "Bundy Canyon Five Million SPE, LLC," filed a voluntary petition in the U.S. Bankruptcy Court of the Southern District of New York for relief under chapter 11 of the U.S. Bankruptcy Code. The Bundy Canyon SPEs were created to hold the parcels of land securing the Bundy 2.5 and Bundy 5.0 loans after they were foreclosed on. The parcels securing Bundy 5.725 and Bundy 7.5 were not foreclosed on.

12. On December 8, 2009, the District Court entered an order in the Asset Resolution bankruptcy stating that "[t]o the extent that any affiliates of the Debtors subsequently commence chapter 11 cases, such Chapter 11 cases shall be consolidated for procedural purposes only, shall be jointly administered by the [District] Court, and the provisions of this Order shall apply to all

- 3 -

such debtors and their respective estates." *See* Case No. bk-s-09-32824-RCJ (Lead Case), Docket No. 42-1 (Order Directing Joint Administration of Cases). This bankruptcy is an affiliated proceeding that should be jointly administered with the other Asset Resolution Bankruptcy Cases per the language of that order.

13. Efficiency and judicial economy will be best served by one court overseeing all proceedings related to the contiguous parcels securing the four Bundy loans. The District Court is intimately familiar with the complex facts and law associated with the Direct Lenders and their efforts in the Asset Resolution Bankruptcy Cases and related proceedings. Therefore, the District Court should withdraw the reference of this involuntary bankruptcy case.

## III.

## **REQUEST FOR RELIEF**

14. For all the foregoing reasons, the Petitioning Creditors request that the Court grant this motion and enter an order: (a) withdrawing the reference of the Bundy Canyon involuntary bankruptcy; and (b) providing such other and further relief warranted by the law and the facts.

Dated: September 10, 2013　　　　　　　　　　**THE MAJORIE FIRM, LTD.**

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ Francis B. Majorie
　　　　　　　　　　　　　　　　　　　　　　　　　Francis B. Majorie

　　　　　　　　　　　　　　　　　　　　　　Attorneys for the Petitioning Creditors

- 4 -

|   |   |
|---|---|
| **THE MAJORIE FIRM, LTD**. <br> Francis B. Majorie, P.C. <br> Texas Bar No. 12851420 <br> *Pro Hac Vice* (Per Bk Dkt. 55) <br> 3514 Cedar Springs Road <br> Dallas, TX 75219 <br> Telephone: 214-522-7400 <br> Fax: 214-522-7911 <br> Email: fbmajorie@themajoriefirm.com | E-filed: September 10, 2013 |

Attorneys for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.: 13-13491-LBR |
| | ) | |
| BUNDY CANYON LAND DEVELOPMENT, LLC, | ) | Chapter 11 Involuntary |
| | ) | |
| Debtor. | ) | **DESIGNATION OF RECORD IN SUPPORT OF MOTION TO WITHDRAW THE AUTOMATIC REFERENCE** |
| | ) | |

Margaret Cangelosi, Todd Hansen, and Daniel Newman (jointly and severally, the "Petitioning Creditors") hereby designate the following record on its Motion to Withdraw the Automatic Reference:

1. Order Directing Joint Administration of Cases filed on December 8, 2009 in United States District Court, District of Nevada, Case No. bk-s-09-32824-RCJ (Lead Case), Docket No. 42-1.

2. All proceedings in the above-captioned Involuntary Bankruptcy No. 13-13491-LBR in the United States Bankruptcy Court, District of Nevada.

Dated: September 10, 2013          **THE MAJORIE FIRM, LTD.**

                                                      By:  /s/ Francis B. Majorie
                                                             Francis B. Majorie

                                                 Attorneys for the Petitioning Creditors

- 1 -

B 5 (Official Form 5) (12/07)

| UNITED STATES BANKRUPTCY COURT<br>District of Nevada | INVOLUNTARY PETITION |
|---|---|

| IN RE (Name of Debtor – If Individual: Last, First, Middle)<br>BUNDY CANYON LAND ~~DEVELPMENT~~, LLC<br>*Development* | ALL OTHER NAMES used by debtor in the last 8 years<br>(Include married, maiden, and trade names.) |
|---|---|
| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN<br>(If more than one, state all.):<br>20-213309 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br><br>28475 OLD TOWN FRONT STREET # D<br>Temecula CA 92590<br><br>COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>Clark County NV<br>ZIP CODE 89121 | MAILING ADDRESS OF DEBTOR (If different from street address)<br><br><br><br><br><br>ZIP CODE |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)
Various tracts of vacant land located in Riverside County California

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☐ Chapter 7    ☑ Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check one box.)<br><br>Petitioners believe:<br><br>☐ Debts are primarily consumer debts<br>☑ Debts are primarily business debts | Type of Debtor<br>(Form of Organization)<br>☐ Individual (Includes Joint Debtor)<br>☑ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | Nature of Business<br>(Check one box.)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>   Land development |
|---|---|---|

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☑ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br><br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.<br>*[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]* |

PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER
OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor<br>See Attached - Ex A - Related Cases | Case Number | Date<br>05/29/2007 |
|---|---|---|
| Relationship | District | Judge |

### ALLEGATIONS
(Check applicable boxes)

1. ☑ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).
2. ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;
         or
  b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

COURT USE ONLY

2013 APR 24 PM 1 40
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK
RECEIVED AND FILED

B 5 (Official Form 5) (12/07) – Page 2                 Name of Debtor __BUNDY CANYON LAN__

Case No. _____

| TRANSFER OF CLAIM |
|---|
| ☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a). |

| REQUEST FOR RELIEF |
|---|
| Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached. |

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| x _/s/ Todd Hansen_ | x _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney            Date |
| Todd Hansen                 04/24/2013 | |
| Name of Petitioner           Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Todd Hansen 2801 Fairview Suite W Greenwood IN 46142 | Address _____ Telephone No. _____ |

| x _/s/ Daniel Newman_ | x _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney            Date |
| Daniel Newman               04/24/2013 | |
| Name of Petitioner           Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Daniel Newman 125 Elysian Drive Sedona, AZ 86336 | Address _____ Telephone No. _____ |

| x _/s/ Margaret Cangelosi_ | x _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney            Date |
| Margaret Cangelosi          04/24/2013 | |
| Name of Petitioner           Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Margaret Cangelosi 5860 Lausanne Drive Reno, NV 89511 | Address _____ Telephone No. _____ |

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Todd Hansen | debt on promissory note | 100,000.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Margaret Cangelosi | debt on promissory note | 60,000.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Daniel Newman | debt on promissory note | 90,000.00 |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____continuation sheets attached

# EXHIBIT A

Other related Bankruptcy Cases:

Name of Debtor: **Asset Resolution, LLC**

Lead Case: BK-S-09-32824-RCJ

Date: October 14, 2009

District: Nevada

Judge: Robert Jones

Relationship: Pending Creditor Claims against the properties


Name of Debtor: **Joseph Milanowski**

Case Number: 07-13162-lbr

Dae: May 29, 2007
District: Nevada

Judge: Linda Reigle

Relationship: Guarantor/Manager

_____
Honorable Linda B. Riegle
United States Bankruptcy Judge



Entered on Docket
August 20, 2013
_____

THE MAJORIE FIRM, LTD.

Francis B. Majorie, P.C.
Texas Bar No. 12851420
*Pro Hac Vice* Motion and Motion
to Waive LR-IA 10-2(D) Pending
3514 Cedar Springs Road
Dallas, TX 75219
Telephone: 214-522-7400
Fax: 214-522-7911
Email: fbmajorie@themajoriefirm.com

Attorneys for Petitioning Creditors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | Case No. BK-S-13-13491-LBR |
| BUNDY CANYON LAND DEVELOPMENT, LLC, | Chapter 11 Involuntary |
| Alleged Debtor. | **ORDER FOR RELIEF AND GRANTING INVOLUNTARY CHAPTER 11 PETITION** |
| | Date:  August 7, 2013<br>Time:  2:00 p.m.<br>Ctrm:  Foley Federal Building<br>　　　 300 Las Vegas Blvd. South<br>　　　 Courtroom No. 1<br>　　　 Las Vegas, NV 89101<br>Judge: Hon. Linda B. Riegle |

**ORDER FOR RELIEF AND GRANTING INVOLUNTARY CHAPTER 11 PETITION**

On April 24, 2013, an involuntary Chapter 11 bankruptcy petition was filed against Bundy Canyon Land Development, LLC ("Bundy Canyon") by Margaret Cangelosi, Todd Hansen, and Daniel Newman (jointly and severally, the "Petitioning Creditors"). *See* Docket Entry No. 1. On April 29, 2013, summonses were issued and served by United Sates mail on Bundy Canyon and

- 1 -

other persons who were shown by information and belief to have managed or possessed equity interests in Bundy Canyon at some point in time, and no responses were filed. *See* Docket Entry Nos. 5-9; 10-14. On July 3, 2013, additional summonses were issued and served on additional persons who were shown by information and belief to have managed or possess equity interests in the Debtor at some point in time, and no responses were filed. S*ee* Docket Entry Nos. 33-37; 38-42. In addition, the Court has held three status conferences and no party in interest has appeared contesting the Involuntary Petition.

FED. R. BANKR. P. 1013(b) states that "[i]f no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court . . . shall enter an order for the relief requested in the petition." No pleading or other defense was filed on behalf of Bundy Canyon or any party in interest. The Court therefore finds that the record establishes that the relief requested in the Involuntary Petition is warranted, and the Involuntary Petition should be granted.

**IT IS ORDERED** that the Involuntary Petition is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 303(h) and FED. R. BANKR. P. 1013(b), this order shall constitute the order for relief in this case.

Dated this \_\_\_\_ day of August, 2013.

Respectfully Submitted By:

THE MAJORIE FIRM, LTD.

By: /s/ Francis B. Majorie
      Francis B. Majorie

      Attorneys for Petitioning Creditors

## LOCAL RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Dated this 19th day of August, 2013.

                                      THE MAJORIE FIRM, LTD.

                                      By:   */s/ Francis B. Majorie*
                                                 Francis B. Majorie

                                      Attorneys for Petitioning Creditors

_____
Honorable Linda B. Riegle
United States Bankruptcy Judge

Entered on Docket
September 26, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

IN RE: ) Case No.: 13-13491-LBR
)
BUNDY CANYON LAND ) Chapter 11 Involuntary
DEVELOPMENT, LLC, )
)
Debtor. ) **ORDER GRANTING MOTION TO APPOINT**
) **A CHAPTER 11 TRUSTEE AND STAY ALL**
) **DEADLINES UNTIL THE APPOINTMENT**
) **[NEGATIVE NOTICE]**
)
)
)

This Court, having considered the motion filed by Margaret Cangelosi, Todd Hansen, and Daniel Newman (jointly and severally, the "Petitioning Creditors") entitled "Motion To Appoint A Chapter 11 Trustee And Stay All Deadlines Until The Appointment [Negative Notice] (the "Motion") [Docket No. 62] and the certificate of service filed therewith [Docket No. 63], and finding that (i) notice of the Motion and opportunity for objection and a hearing has been properly given, (ii) all parties in interest have been timely served, (iii) no party in interest has filed an objection, timely or otherwise, to the Motion, and (iv) cause exists to appoint a Chapter 11 trustee in this case, and therefore, that the appointment of a trustee is mandatory pursuant to 11 U.S.C. § 1104(a)(1), it is therefore:

ORDERED that the Motion is GRANTED. Pursuant to 11 U.S.C. § 1104(d), the United States trustee, after consultation with the relevant parties in interest, shall appoint a disinterested person to serve as Chapter 11 trustee; however,

- 1 -

IT IS FURTHER ORDERED that the United States trustee shall not appoint a trustee in this case at least until the pending Motion To Withdraw The Automatic Reference filed by the Petitioning Creditors on September 10, 2013 [Docket No. 64] has been transmitted to the Honorable Robert C. Jones of the U.S. District Court for the District of Nevada and a ruling on the that motion has been made by Judge Jones.

IT IS FURTHER ORDERED THAT all deficient filing deadlines set by docket entries #57-58, and the deadline to file a master mailing list of all creditors set by docket entry #59 are stayed pending the appointment of a trustee in this case.

IT IS FURTHER ORDERED that this Order is effective immediately upon its entry.

\*\*\*

Respectfully Submitted By:

**THE MAJORIE FIRM LTD.**

By: _____/s/ Francis B. Majorie_____
      Francis B. Majorie, P.C.

Attorneys for Petitioning Creditors

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Ian R. Winters
Sean C. Southard
Joseph C. Corneau
292 Madison Avenue, 17<sup>tth</sup>Floor
New York, NY 10017-6314
(212) 972-3000

**Entered on Docket
December 08, 2009**

Proposed Counsel for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ASSET RESOLUTION LLC, | : | Case No. 09-16142 (AJG) |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| BUNDY 2.5 MILLION SPE, LLC, | : | Case No. 09-16143 (AJG) |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| BUNDY FIVE MILLION SPE, LLC | : | Case No. 09-16144 (AJG) |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| CFP ANCHOR B SPE, LLC, | : | Case No. 09-16145 (AJG) |
| Debtor. | : | |
| In re: | : | Chapter 11 |
| CFP CORNMAN TOLTEC SPE LLC, | : | Case No. 09-16146 (AJG) |
| Debtor. | : | |

1

```
------------------------------------
In re:                              :
                                    :    Chapter 11
CFP GESS SPE LLC,                   :
                                    :    Case No. 09-16147 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
CFP GRAMERCY SPE, LLC,              :
                                    :    Case No. 09-16148 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
FIESTA STONERIDGE, LLC,             :
                                    :    Case No. 09-16149 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
 FOX HILLS SPE, LLC,                :
                                    :    Case No. 09-16151 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
HFAH MONACO SPE LLC,                :
                                    :    Case No. 09-16152 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
HUNTSVILLE SPE LLC,                 :
                                    :    Case No. 09-16153 (AJG)
            Debtor.                 :
------------------------------------
In re:                              :
                                    :    Chapter 11
 LAKE HELEN PARTNERS SPE LLC,       :
                                    :    Case No. 09-16154 (AJG)
            Debtor.                 :
------------------------------------
```

2

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:                                          :
                                                 :   Chapter 11
OCEAN ATLANTIC SPE LLC,                          :
                                                 :   Case No. 09-16155 (AJG)
                Debtor.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:                                          :
                                                 :   Chapter 11
SHAMROCK SPE LLC,                                :
                                                 :   Case No. 09-16156 (AJG)
                Debtor.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:                                          :
                                                 :   Chapter 11
10-90 SPE, LLC,                                  :
                                                 :   Case No. 09-16157 (AJG)
                Debtor.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**ORDER DIRECTING JOINT ADMINISTRATION
OF CASES PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion of the above captioned debtors and Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for Joint Administration of Cases, dated October 14, 2009 ("Motion"), filed by Asset Resolution LLC ("ARC"), 10 90 SPE LLC ("10 90"), Fiesta Stoneridge LLC ("Fiesta"), CFP Gramercy SPE LLC ("Gramercy"), Bundy 2.5 Million SPE LLC ("Bundy 2.5"), CFP Cornman Toltec SPE LLC ("Cornman"), Bundy Five Million LLC ("Bundy 5"), Fox Hills SPE LLC ("Fox Hills"), HFAC Monaco SPE LLC ("Monaco"), Huntsville SPE LLC ("Hunstsville"), Lake Helen Partners SPE LLC ("Helen"), Ocean Atlantic SPE LLC ("Ocean"), CFP Gess SPE LLC ("Gess"), CFP Anchor B SPE LLC ("Anchor"), and Shamrock SPE LLC ("Shamrock" and together with ARC, 10 90, Fiesta, Gramercy, Bundy 2.5, Cornman, Bundy 5, Fox Hills, Monaco, Huntsville, Helen, Ocean, Gess, and Anchor, the "Debtors"), as debtors and debtors in possession, seeking entry of an order directing joint

3

administration for procedural purposes only of the above-captioned Chapter 11 cases of the above-captioned debtors and debtors in possession; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and it appearing that due and appropriate notice of the Motion has been given and no further notice need be given; and upon the proceedings before the Court; and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 cases be, and hereby are, consolidated for procedural purposes only and shall be jointly administered by the Court.

3. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

4. To the extent that any affiliates of the Debtors subsequently commence chapter 11 cases, such Chapter 11 cases shall be consolidated for procedural purposes only, shall be jointly administered by the Court, and the provisions of this Order shall apply to all such debtors and their respective estates.

5. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

6. The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| ASSET RESOLUTION LLC, et al. | : | Case No. 09-16142(AJG) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

7. A docket entry shall be made in each of the above-captioned cases, substantially as follows:

"An order has been entered in this case directing the joint administration for procedural purposes only of the Chapter 11 cases of Asset Resolution LLC, 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAC Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC, and the docket in Case No. 09-16142 (AJG) should be consulted for all matters affecting this case."

8. The Debtors are authorized to file a consolidated monthly operating report, but shall track and break-out disbursements on a debtor-by-debtor basis.

Dated: New York, New York
October 29, 2009

                                                    **s/Arthur J. Gonzalez**
                                                    HONORABLE ARTHUR J. GONZALEZ
                                                    UNITED STATES BANKRUPTCY JUDGE